**Jeremiah Young FLYNN, Appellant,**

v.

**Martin HORN, Commissioner, et al., Appellees.**

No. 07–1413–pr.

United States Court of Appeals, Second Circuit.

Dec. 24, 2008.

* The Honorable P. Kevin Castel, of the United States District Court for the Southern District

Jeremiah Young Flynn, pro se.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. P. KEVIN CASTEL, District Judge.*

### SUMMARY ORDER

Appellant Jeremiah Young Flynn, *pro se* and incarcerated, appeals from the order of the United States District Court for the Eastern District of New York (Gleeson, *J.*) denying his motion for reconsideration, brought pursuant to Fed.R.Civ.P. 60(b), of the district court's December 2005 judgment. We assume the parties' familiarity with the facts and procedural history of this case.

of New York, sitting by designation.

An appeal from an order denying a Rule 60(b) motion filed more than ten days after entry of the judgment brings up for review only the order denying the motion. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122 n. 5 (2d Cir.2008) (citation omitted). The appeal "does not permit the appellant to attack the underlying judgment for error that could have been complained of on direct appeal." *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53, 56 (2d Cir.1976) (citation omitted). Relief pursuant to Rule 60(b) motions is available only in "exceptional circumstances." *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir.2008). We review rulings on Rule 60(b) motions for abuse of discretion. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir.1998). "A district could would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

Young Flynn has not argued on appeal why his motion for reconsideration should have been granted, or why the district court abused its discretion in denying his motion. Instead, Young Flynn merely reiterates his claims raised in his complaint in an apparent attempt to relitigate the underlying judgment, which he cannot do. *See Daily Mirror, Inc.*, 533 F.2d at 56. In its decision granting the defendants' motion for summary judgment, the district court discussed Young Flynn's EKG readout, and found that there was no evidence from which a jury could infer that the medical staff was aware, or even should have been aware, of Young Flynn's heart condition, nor that the medical staff had a culpable state of mind. Young Flynn has not submitted any newly discovered evidence or made any argument that the district court based its ruling on an erroneous view of the facts or evidence. Accordingly, we conclude that the district court did not abuse its discretion in denying Young Flynn's motion for reconsideration.

We have reviewed appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.